UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:

WILLIAM HOPTON-JONES, JR. and
KRISTINA HOPTON-JONES,

Debtors.

Case No. 09-40944-JJR-7

## OPINION AND ORDER ON NOTICE TO SHOW CAUSE

The Court issued an Order and Notice to Debtors and Counsel: "(1) Requiring Debtors and their counsel, Melinda Murphy Dionne, to appear and show cause why sanctions should not be imposed for falsifying Debtors' petition; (2) Requiring Debtors to appear and show cause why their discharge should not be set aside; and (3) Requiring Debtors' counsel to appear and show cause why civil penalties should not be imposed pursuant to 11 U.S.C. § 526(c)(5)." Doc. 35 (the "Show Cause"). Appearing at hearing on the Show Cause were the Debtors (the "Debtors" or "Mr. and Mrs. Jones"), Melinda M. Dionne ("Mrs. Dionne"), and Donald L. Dionne ("Mr. Dionne"). The Debtors were *pro se*, and Mr. and Mrs. Dionne were represented by their counsel, Lee R. Benton. Mr. Jones and Mrs. Dionne each filed a response to the Show Cause. Docs. 38 & 40.

The facts underlying this case are virtually identical to those recited in the Opinion on Motion to Dismiss, the Order and Notice, and the Order Imposing Sanctions, entered in the chapter 7 case filed by debtor, John Edwin Bockman ("Bockman"- case no. 10-42449-JJR-7).[1] The Court will not here repeat in detail the facts in Bockman's case, but it will highlight the similarities

---

[1] The Opinion on Motion to Dismiss, the Order and Notice, and the Order Imposing Sanctions were entered in the Bockman case as Docs. 29, 30, and 41 respectively, and for ease of reference were filed in this case as Docs. 44, 45, and 46.

between the Debtors' case and that of Bockman.

Mr. and Mrs. Jones, like Bockman, filed a petition for relief in which they falsely stated they were residents of Calhoun County, Alabama and gave a fictitious street address on Golden Springs Road in Anniston, Alabama. Mr. Jones listed the same fictitious street address for his mailing address, but Mrs. Jones listed her correct mailing address in Tuscaloosa, Alabama. Mr. Jones, like Bockman, is an attorney who is a resident of Tuscaloosa and has an active bankruptcy law practice in Tuscaloosa.[2] The Debtors and Bockman filed their falsified petitions in the Eastern Division (Anniston) of the Northern District of Alabama to avoid having their cases administered in the Western Division (Tuscaloosa). Had the accurate county of residence been reported, the cases would have been assigned to the Western Division and not the Eastern Division. Mr. Jones and Bockman readily admitted that their motive for falsifying their petitions was to avoid the embarrassment of having their cases heard in their home town, and to avoid repercussions that might adversely effect their law practices if their financial difficulties became known to the public and the local bar.

Although Mrs. Jones, a non-lawyer, signed the petition for relief under penalty of perjury, the Court is convinced that she relied on her lawyer-husband, and her bankruptcy counsel, to honestly complete and file the petition. As mentioned, her correct mailing address was listed in the petition, although her county of residence and street address were false. Nonetheless, under these circumstances, and after considering the parties' arguments, their responses and supporting affidavits, the Court concludes that Mrs. Jones was an "innocent spouse" and should not be

---

[2]Jones also handles bankruptcy cases in the Southern Division, i.e. Birmingham.

2

sanctioned.[3]

The petition filed by Mr. and Mrs. Jones listed Mrs. Dionne as their counsel; however, the Court concludes that their counsel was actually Mr. Dionne (Mrs. Dionne's law partner and husband) whose CM/ECF identification number was used to file the petition, related schedules and other pleadings. Mrs. Dionne's electronic signature was erroneously applied to the petition by a secretary or paralegal working for Mr. and Mrs. Dionne's law firm. The Court was concerned that Mrs. Dionne did not report the falsehood to this Court after it came to her attention during the criminal investigation involving her husband (*infra*). Nonetheless, after considering the totality of the circumstances, other than requiring a refund of the attorney's fees paid by Mr. and Mrs. Jones, the Court has determined that no other sanctions should be imposed on Mrs. Dionne pursuant to 11 U.S.C. § 526(c)(5) or Rule 9011 of the Federal Rules of Bankruptcy Procedure.[4]

Inasmuch as Mr. Dionne actually was the attorney representing Mr. and Mrs. Jones in the instant case, made a personal appearance at the Show Cause hearing, and filed an affidavit supporting Mrs. Dionne's response, the Court finds it should now consider whether additional notice should be given to Mr. Dionne to show cause why sanctions should not be imposed against him for his conduct as the Debtors' counsel. After all, he was sanctioned for the same conduct in the Bockman case and has admitted to similar misdeeds in the instant case.

On April 21, 2011 (filed April 26, 2011) Mr. Dionne entered into a Plea Agreement in a criminal proceeding prosecuted by the U.S. Attorney in the District Court For the Northern District

---

[3]Mrs. Jones will no doubt suffer from the sanctions discussed below that will be imposed on her lawyer-husband.

[4]At the hearing the Court stated that Mr. and Mrs. Jones may waive the refund if they so elected.

3

of Alabama, Western Division: criminal case no. 7:11-CR-159-RDP-TMP. Mr. Dionne was accused of the crime of Bankruptcy Fraud in violation of 18 U.S.C. § 152(2). The Plea Agreement involved five separate bankruptcy cases, including the Debtors' case and the Bockman case. Mr. Dionne admitted that the counties of residence and street addresses of the debtors in those five cases were intentionally falsified in order to have the cases assigned to divisions other than divisions to which they would have been assigned if true and correct information had been included. In light of the criminal punishment that will likely be imposed on Mr. Dionne and the sanctions that were imposed by this Court in the Bockman case, the Court finds that no additional sanctions under Rule 9011 or civil penalties under 11 U.S.C. § 526(c)(5) will be considered against Mr. Dionne for his conduct in the Debtors' case.[5] That still leaves Mr. Jones.

At the hearing on the Show Cause, the Court stated that it would apply the same criteria in respect to sanctioning Mr. Jones under Rule 9011, as was applied to Bockman in his case. Recall that Bockman, like Mr. Jones, was a practicing attorney and was subject to Rule 9011 sanctions for misconduct. After considering the facts and the ABA *Standards for Imposing Lawyer Sanctions*, the Court suspended Bockman and his law firm from filing new bankruptcy cases for clients in any division of the Northern District of Alabama for three months. The Court also determined that granting relief under chapter 7 would be an abuse under 11 U.S.C. § 707(b) and dismissed Bockman's case without a discharge, and he was barred from filing another case for 90 days.[6]

---

[5]The Court was informed that Mr. Dionne's license to practice law in Alabama has been terminated.

[6]Unlike the Debtors, Bockman had not been granted a discharge when his misdeeds were discovered. He was originally barred from filing another bankruptcy case for 180 days; that was later reduced to 90 days. Bockman and Mr. Dionne, and their law firms, were suspended from filing new bankruptcy cases on behalf of clients in the Northern District for three months.

4

The Court concludes that Mr. Jones's misconduct was no different from that of Bockman. However, Bockman expressed sincere remorse for his misdeeds; unfortunately that was not the attitude exhibited by Mr. Jones. At the conclusion of the Show Cause hearing, after the Court announced the sanctions it intended to impose, Mr. Jones was quick to argue that, unlike Bockman, a discharge had been entered in his case, his case was closed, and the one-year deadline for revocation of a discharge obtained through fraud had lapsed. 11 U.S.C. § 727(d)(1), (e)(1); *see also* Fed. R. Bankr. P. 9024.[7] Mr. Jones's argument is misguided; the basis for revocation of the discharge in his case is not § 727(d) and (e), but rather fraud upon the Court.

> According to the Second Circuit Court of Appeals, fraud upon the court —
>
> cannot be read to embrace any conduct of an adverse party of which the court disapproves; to do so would render meaningless the one-year limitation on motions under Fed. R. Civ. P. 60(b)(3). See 7 Moore, Federal Practice ¶ 60.33 at 511 (1971 ed.). Professor Moore submits that the concept should "embrace only that species of fraud which does or attempts to, defile the court itself, or is *a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.*" . . . While an attorney "should represent his client with singular loyalty that loyalty obviously does not demand that he act dishonestly or fraudulently; on the contrary his loyalty to the court, as an officer thereof, demands integrity and honest dealing with the court. And when he departs from that standard in the conduct of a case he perpetrates a fraud upon the court." 7 Moore, *supra*, at 513 (footnote omitted).

*Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2nd Cir. 1972) (emphasis added) (citation omitted). It's important to come back to the fact that Mr. Jones is an attorney — an officer of this Court — who is admitted to practice before this Court. Mr. Jones did not loose his status as an officer of this Court simply because he was a party — at least not when it came to

---

[7] Fed. R. Bankr. P. 9024 states that Fed. R. Civ. P. 60 applies to cases under title 11 with two exceptions, one of which is the one-year limitation imposed by § 727(e) for filing complaints to revoke a discharge.

5

his "integrity and honest dealing with the court." *Kupferman*, *supra*.

In *Gumport v. China International Trust & Investment Corporation (In re Intermagnetics America, Inc.)*, 926 F.2d 912 (9th Cir. 1991), a bankruptcy court's order approving a sale stated it was based on the representations and warranties of the debtor's CEO. A side deal in which the CEO stood to receive a substantial profit was concealed from creditors and the court. After the sale closed the fraud was discovered, and the court appointed a trustee and terminated the CEO's control of the debtor and its status as a debtor-in-possession. The trustee filed a complaint against China International when he discovered it was implicated in the fraudulent sale. The trustee asserted various claims against China International, including avoidance of the sale and return of the assets or their value. The complaint was transferred to district court where China International filed a motion to dismiss, raising as a defense the *res judicata* effect of the bankruptcy court's order approving the sale. The district court granted the motion and rejected the trustee's argument that the sale order should be set aside pursuant to Fed. R. Civ. P. 60(b) because of the CEO's admittedly fraudulent declaration.

On appeal, the Ninth Circuit reversed the district court and, like the Second Circuit in *Kupferman, supra,* expressed its approval of Professor Moore's definition of "fraud upon the court." 926 F.2d at 916. Citing two bankruptcy-based opinions as authority,[8] the Circuit Court ruled that "[o]fficers of a debtor-in-possession are officers of the court because of their responsibility to act in the best interests of the estate as a whole and the accompanying fiduciaries duties." 926 F.2d at

---

[8] *In re Tri-Cran, Inc.*, 98 B.R. 609, 617 (Bankr. D. Mass. 1989); *In re Tudor Assocs., Ltd., II,* 64 B.R. 656, 662 (E.D.N.C. 1986). *See also*, *In re Sal Caruso Cheese, Inc.* 107 B.R. 808, 816 - 17 (Bankr. N.D.N.Y. 1989) (fiduciary duties of a debtor-in-possession are owed to the estate, the creditors, and the *court*).

6

917.

If the CEO of a corporate debtor was considered an officer of the court when he made representations concerning the debtor's sale of assets, then even ignoring that Mr. Jones is an attorney admitted to practice before this Court, he was likewise an officer of the court when he misrepresented his county of residence, street address and mailing address for the purpose of wrongfully manipulating rules that determined in which division his bankruptcy case would be administered. Such misguided conduct goes to the core of the Northern District of Alabama Bankruptcy Court's need to manage its cases by sensibly dividing them among its four divisions, thus minimizing "judge shopping," equitably spreading the workload among its judges, and assuring cases are administrated in close proximity to where a debtor's assets, employment and creditors are usually located. A impassive response to such conduct will only encourage debtors to pick and choose where their cases will be administered for whatever reason they choose. And it must not be overlooked that Mr. Jones's perjury not only breached a duty he owed to the Court but also was a felony. 18 U.S.C. § 152(2).

Mr. Jones could have argued that his discharge cannot be revoked pursuant to § 727(d) because such a revocation must be at the requested by a trustee, creditor, or U.S. Trustee (Bankruptcy Administrator in Alabama). No such request was made by any party having standing under § 727(d). Nonetheless, the Second Circuit in *Martina Theatre Corp. v. Schine Chain Theaters, Inc.*, 278 F.2d 798 (2nd Cir. 1960) suggested that the Supreme Court would agree that once fraud upon the court is discovered, the court may *sua sponte* set aside its orders:

> Both parties have at times characterized the settlement, of which the lease arrangement was a secret provision, as a "fraud on the court." Were the characterization accurate, the defrauded district court would have been empowered to take action sua sponte to expunge the judgment, and we would suppose that

7

anyone, whether his hands were clean or dirty, could suggest that it do so. Indeed, as much is indicated by *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 1944, 322 U.S. 238 . . . .

278 F.2nd at 801.

And in *Hazel-Atlas Glass, supra*, the Supreme Court stated:

> Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. *The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.*

322 U.S. at 246 (emphasis added); *overruled on other grounds*; *Standard Oil of Cal. v. U.S.*, 429 U.S. 17 (1976).[9]

Finally, if the Court were to leave Mr. Jones's discharge intact, the sanctions would fall short of what this Court finds are commensurate with his misconduct. He would enjoy the benefits of a discharge obtained by fraud perpetrated against the Court, and will have succeeded in avoiding the administration of his case in the Western Division — the very thing his misconduct was calculated to achieve.[10] In other words, should his discharge be considered sacrosanct, justice would require

---

[9] 11 U.S.C. § 105(a), which clearly applies in this case, states that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

[10] In spite of Mr. Jones's lack of contrition, his sanctions are no more that those suffered by Bockman. After waiting 90 days, if Mr. Jones wishes to again file a case under chapter 7 he will merely be required to seek such relief in the proper venue. The three month suspension from filing new cases in the Northern District does not affect Mr. Jones's practice outside of bankruptcy, and does not prohibit his continued representation of bankruptcy clients whose cases were filed before the three month suspension.

8

that the duration of his suspension from practice in the Northern District be substantially extended and perhaps expanded to areas of practice beyond bankruptcy.

Accordingly, for the reasons stated above, and those stated on the record at the hearing on the Show Cause, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Pursuant to 11 U.S.C. § 350(b), for good cause found, this case is reopened.

2. Pursuant to 11 U.S.C. § 105(a), the Discharge of Debtor (Doc. 32) is revoked and vacated with respect to debtor, William Hopton-Jones, Jr. a/k/a W.A. Hopton-Jones and a/k/a William A. Hopton-Jones ("Mr. Jones"), but NOT with respect to co-debtor Kristina Hopton-Jones a/k/a Kristina S. Hopton-Jones.

3. Mr. Jones is prohibited from filing in any bankruptcy court another petition for relief under any chapter of title 11 for ninety (90) days after May 24, 2011 (the date of the hearing on the Show Cause).

4. Mr. Jones, and all partners, members, associates, shareholders and employees of his law firm (the "Suspended Parties") are suspended from filing in all divisions of this Court any new cases for client-debtors under title 11 for a period of three (3) months. Such suspension shall commence July 1, 2011 and shall end October 1, 2011 (the "Suspension Period"). The suspension shall not prohibit the Suspended Parties from appearing in court or otherwise representing debtors in cases that were filed before the commencement of the Suspension Period.

5. During the Suspension Period, the Suspended Parties shall neither advise clients (other than those whose cases were filed before the Suspension Period) or potential clients regarding relief under title 11, nor accept compensation from other lawyers

for referrals of such clients or potential clients, nor make agreements, formal or informal, with other lawyers that might result in the Suspended Parties receiving, at any time, consideration of any type or value with respect to referrals made during the Suspension Period.

6. Any violation of paragraphs 4 or 5 of this Order shall be grounds for further sanctions against the Suspended Parties and other lawyers who knowingly participate in any arrangement that directly or indirectly violates paragraphs 4 or 5.

7. As a civil penalty under 11 U.S.C. § 526(a)(5), but only if demanded by Mr. Jones in writing within fourteen (14) days of this Order, Mrs. Dionne and her law firm, shall refund to Mr. Jones all attorney's fees paid by the Debtors with respect to this case. If no such demand is timely made, such refund shall be deemed waived.

8. After the time for appeal has lapsed, and if appeal is then pending, the Clerk of this Court is directed to again close this case.

Dated: June 8, 2011

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge